O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-0366 AHM (RCx) | | Date | June 17, 2008 |
|----------|----------------------|--|------|---------------|
| Title | BIBLE v. HARRAH'S OPERATING COMPANY, INC., *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|------------------------|--------------------------------------|--|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

Defendant has filed a motion seeking attorneys' fees for the deposition of Plaintiff's psychiatric expert, Dr. Zackler, pursuant to the Court's bench ruling on January 14, 2008. Plaintiff opposes the motion.

In January, Defendant sought to exclude Dr. Zackler from trial primarily because Plaintiff had initially waived affirmative psychiatric claims but at the eleventh hour asserted them again. The Court denied Defendant's motion, but the Court held that if Defendant prevailed on any issues related to *damages*, the Plaintiff would have to pay the fees associated with Dr. Zackler's deposition and any additional independent medical examination. Declaration of Ronald R. Giusso, Ex. 1 (Transcript of hearing, Jan. 14, 2008) at 8-9. The Court also ordered Plaintiff's counsel to withdraw the designation of Dr. Zackler, if that was his final decision, by Friday of that week. *Id.* at 9.

That ruling was equitable and pragmatic. It reflected the fact that at the time of the hearing, Defendant deserved nothing more than an adequate opportunity to depose Dr. Zackler on his opinion about Bible's psychiatric and emotional injuries. It was also designed to encourage Plaintiff to pursue only meritorious damages claims. Because neither side had raised the possibility of bifurcation of the trial, the Court had contemplated (and stated as much at the January 14 hearing) that the jury would render a special verdict relating to the damages claims. *Id.* at 8-9. The fee-shifting solution was predicated on Defendant prevailing against any of Bible's *damages* claims. It would be inconsistent with the earlier ruling as well as inequitable to shift costs absent that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0366 AHM (RCx) | Date | June 17, 2008 |
|----------|----------------------|------|---------------|
| Title | BIBLE v. HARRAH'S OPERATING COMPANY, INC., *et al.* | | |

condition.  Therefore, the Court DENIES Defendant's motion.[1]

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer                          SMO

---

[1]Docket No. 331.